Nathaniel Clark (SBN 276621)
*nathaniel.h.clark@gmail.com*
Seaton Tsai (SBN 271408)
*seaton.tsai@gmail.com*
444 So. Flower Street, Suite # 2300
Los Angeles, California 90071
Telephone: (626) 673-5180
*ATTORNEYS FOR PLAINTIFF SHANT DARAKJIAN*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANT DARAKJIAN, an individual, | CASE NO. 15-cv-2414 |
| Plaintiff, | **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*; NATIONAL DO NOT CALL LIST VIOLATION; 47 C.F.R. § 64.1200, *ET SEQ.*; FAILURE TO IDENTIFY; FAILURE TO PROVIDE OPT-OUT** |
| vs. | |
| CELLCO PARTNERSHIP, dba Verizon Wireless, a Delaware corporation; LOANDEPOT.COM, LLC, a Delaware corporation; RESORTSTAY INTERNATIONAL, LLC, a Nevada corporation; BQ RESORTS, LLC, a Delaware corporation; MARKETLAB RESEARCH, INC., d.b.a. Focus Point Global, a Pennsylvania corporation; an individual, and DOES 1-10, | **JURY TRIAL DEMANDED** |

_____                Defendants.   _____

Plaintiff Shant Darakjian ("Plaintiff") alleges the following upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of Cellco Partnership, dba Verizon wirelesss, LoanDepot.com, LLC, Resortstay International, Inc., BQ Resorts, LLC, and Marketlab Research, Inc., d.b.a. Focus Pointe Global ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading his right to privacy, without his express written, implied, and/or oral consent.

2. Congress enacted the Telephone Consumer Protection Act in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1] Today, over 91% of American adults own cellular phones.[2] Over 39% of adults live in wireless *only* homes with no landline.[3]

_____

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id.* at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.
[2] *See,* http://www.pewresearch.org/fact-tank/2013/06/06/cell-phone-ownership-hits-91-of-adults.
[3] *See*, http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless201407.pdf

3.     The TCPA specifically prohibits the use of automatic dialing machines to contact consumers on their cellular phones without the express prior consent of the called party. (47 U.S.C. § 227(b), *et seq.*) The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (*Ibid.*)

4.     The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200, *et seq.*)

5.     Defendants knowingly and willfully caused an autodialer to dial Plaintiff's cellular phone and/or used a pre-recorded voice message in telephone calls to Plaintiff's cellular phone, and failed to comply with the regulatory scheme under 47 C.F.R. § 64.1200, *et seq.*, throughout the four years prior to the filing of this Complaint.

6.     Defendants called Plaintiff's cellular phone using the following numbers:

> (A)    757-573-7972 (Verizon);
>
> (B)    310-853-5897 (Loan Depot);
>
> (C)    702-749-3838 (Resortstay & BQ Resorts); and
>
> (D)    215-561-5521 (Marketlab).

7.     Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendants in any form, let alone through the use of an automatic dialer and/or pre-recorded voice message for telemarketing purposes.

8.     At all times, Plaintiff's number was registered in the National Do Not Call (DNC) list.

9.     Defendants further violated the TCPA by failing to comply with its requirement that telemarketers must identify the calling entity and that  whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:

> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and

> (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. (47 C.F.R. § 64.1200.)

10.     Defendants further violated the TCPA by failing to institute procedures to document calls to the wrong party and to provide consumer opt-out options to prevent future calls. (47 C.F.R. § 64.1200(a)(i), *et seq.*)

11.     Plaintiff is entitled to statutory damages for Defendants' willful and repeated use of automated dialing systems and/or pre-

recorded voice messages to dial Plaintiff's cellular phone for telemarketing purposes without his consent.

12.   Plaintiff is entitled to statutory damages for <u>each and every violation</u>, regardless of whether Defendants committed multiple violations within a single phone call.

## JURISDICTION

13.   This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA upon Plaintiff.

14.   Venue is proper because Plaintiff, at the time of the violation, resided and was present in this judicial district, in which Defendants also currently conduct business and have availed themselves to jurisdiction by knowingly and/or willfully violating the TCPA within this judicial district by contacting Plaintiff on his cellular phone.

## PARTIES

15.   Plaintiff is a natural person who resided in Los Angeles county in the State of California at the time of the violations.

16.   Defendant Cellco Partnership, dba Verizon Wireless, is a Delaware corporation that has availed itself to the jurisdiction of California and this Court by virtue of its local, international, and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while he resided in Los Angeles.

17.   Defendant LoanDepot.com, LLC, is a Delaware corporation that has availed itself to the jurisdiction of California and this Court by virtue of its local and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while he resided in Los Angeles.

18.   Defendant Resortstay International, Inc., is a Nevada corporation that has availed itself to the jurisdiction of California and this Court by virtue of its local and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while he resided in Los Angeles.

19.   Defendant BQ Resorts, LLC, is a Delaware corporation that has availed itself to the jurisdiction of California and this Court by virtue of its local and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while he resided in Los Angeles.

20.   Defendant Marketlab Research, Inc., is a Pennsylvania corporation that has availed itself to the jurisdiction of California and this Court by virtue of its local and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while he resided in Los Angeles.

21.   All Defendants conduct business in California through the Internet and telephone solicitation, and knowingly violated the TCPA within Los Angeles County. Defendants are aware of and ratify any actions of their agents or third-parties that violate the TCPA.

22.   Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

23.   All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## ADDITIONAL FACTUAL ALLEGATIONS

24.   At all times, Defendants negligently, knowingly, willfully, and/or intentionally caused an autodialer to dial Plaintiff's cellular phone number and negligently, knowingly, willfully, and/or intentionally used a pre-recorded voice message in the inception of the same phone calls.

25.   Accordingly, Defendants caused autodialers to dial Plaintiff's cellular phone using a prerecorded voice message at least 25 times within the past four years for telemarketing purposes, the exact number to be proven through discovery. The autodialed phone calls and pre-recorded voice messages were caused to occur by Defendants for Defendants' financial gain, telemarketing goals, membership growth, and were entirely commercial in nature.

26.   Plaintiff never, either implicitly or expressly, in writing or orally, consented to be contacted on his cellular phone by an autodialer or through the use of a pre-recorded voice message and his numbered was registered on the DNC list at all times.

27.   The phone calls to Plaintiff's cellular phone wasted Plaintiff's time, invaded his privacy, caused undue annoyance and stress, and wasted the use of a cellular phone service at Plaintiff's expense.

28.   Upon information and belief, Defendants fail to maintain records of customer and consumer attempts to opt-out of receiving phone calls from Defendants.  Defendants fail to provide an opt-out mechanism as required by the TCPA.

29.   Upon information and belief, Defendants fail to maintain training and procedures to avoid calling the wrong party, fail to maintain records of their outbound call list and fail to document consumer opt-out requests.

30.     Upon information and belief, Defendants maintain, or have the ability to maintain, some form of record of when a called party opts out or wishes to no longer be contacted, but Defendants consciously ignore those records.

31.     Defendants fail to identify themselves as required by the TCPA when conducting telemarketing phone calls.

32.     Plaintiff does not have a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses Defendants from the above-described violations of the TCPA and never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

33.     All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

34.     All pre-recorded voice messages were "artificial or prerecorded voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

### FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 *et seq.*

35.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-34.

36.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq.,* cited herein.

37.     The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

"Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

        . . .

        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

    (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

    (47 U.S.C.A. § 227(b).)

38.    Defendants further violated the TCPA by effectuating telemarketing calls to Plaintiff's "residential telephone" under the meaning of 47 C.F.R. § 64.1200(c)-(d). Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

SECOND CAUSE OF ACTION

*Failure to Identify Calling Party*

**Violation of the Telephone Consumer Protection Act**

**47 U.S.C. § 227** *et seq.*

39.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-38.

40.   Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

41.   Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227 *et seq.*, plus actual damages according to proof.

### THIRD CAUSE OF ACTION
#### *Failure to Provide Opt-Out Mechanism*
#### Violations of the Telephone Consumer Protection Act
#### 47 U.S.C. § 227 *et seq.*

42.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-41.

43.   Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

44.     Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*, plus actual damages according to proof.

### FOURTH CAUSE OF ACTION

### *Do-Not Call List Violation*

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 *et seq.*

45.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-44.

46.     Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

47.     Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c), plus actual damages according to proof.

### PRAYER FOR RELIEF

48.     WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

I.    As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to and requests $500 in statutory damages per violation, or $1500 in statutory damages per violations that were at least willful or knowingly committed;

II.   For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

III.  For actual damages according to proof;

IV.   For costs;

V.    And for any other relief that the Court deems just.

Mar. 30, 2015            By      */s/Nathaniel Clark*
                                 Nathaniel Clark, Esq.
                                 Seaton Tsai, Esq.
                                 ATTORNEYS FOR PLAINTIFF SHANT DARAKJIAN